■ In the Matter of STEPHANIA M. TUFARO et al., Appellants, v. WALTER J. ZIEMBA, as Chairman of the Planning Board of the Town of Greenburgh, et al., Respondents; PROPERTY ACQUISITIONS, INC., Respondent-Intervenor. In the Matter of the BOARD OF EDUCATION, CENTRAL SCHOOL DISTRICT No. 7, TOWN OF GREENBURGH, Appellant, v. PLANNING BOARD OF THE TOWN OF GREENBURGH et al., Respondents; PROPERTY ACQUISITIONS, INC., Respondent-Intervenor.— In two consolidated proceedings pursuant to article 78 of the CPLR to review a determination of the Planning Board of the Town of Greenburgh, dated November 15, 1972, which approved, with modifications and

conditions, a final subdivision plan of the intervenor herein, Property Acquisitions, Inc., the appeal is by petitioners (petitioner Board of Education is a contiguous property owner and the other petitioners are neighboring property owners) from an order-judgment of the Supreme Court, Westchester County, dated September 13, 1973, which granted said Planning Board's motion for summary judgment dismissing the petitions, denied the petitions and confirmed the determination. Order-judgment reversed, on the law, without costs, motion of the Planning Board denied, determination annulled and matter remitted to the Planning Board for a further public hearing, further consideration and a new determination. Property Acquisitions, Inc., proposed a development of dwelling units in cluster design on a 41.6 acre tract. The Planning Board approved construction of a maximum of 144 dwelling units. The Planning Board's return in this article 78 proceeding does not contain any subdivision plats or site plans, omits many documents on which it relied in its summary judgment motion and omits other documents which the stipulation of the parties show were in its file; and its papers upon its summary judgment motion include papers that may have never been before the public at the October 18, 1972 hearing or before the Planning Board prior to its decision. Even if the return be deemed amplified by the summary judgment motion papers, there remains ambiguity as to whether the number of dwelling units allowed does not exceed the number permissible if the land had been subdivided into lots conforming to the minimum lot size and density requirements of the applicable zoning ordinance. Further, it is clear that the critical problems are traffic congestion on West Hartsdale Avenue, its impact on the school children utilizing the school property contiguous to the subject site, and access of emergency vehicles to the site. The record does not establish that the Department of Planning of Westchester County was given timely notice of the proceedings (see Westchester County Administrative Code, § 451, L. 1948, ch. 852, as amd.); it clearly was not given timely notice prior to the October 18, 1972 public hearing. That county department's January 18, 1973 report is extremely negative on key issues. Thus, the late notice given it was extremely prejudicial to orderly and careful consideration of vital questions and to proper presentation of them to the public. In this connection, we also note that the parties are in dispute as to the meaning and effect of the alleged easement agreements and there is considerable doubt that, prior to or at the public hearing, the public was made aware of the Planning Board's interpretation of those documents. Hopkins, Acting P. J., Martuscello, Cohalan, Brennan and Munder, JJ., concur.